IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

PAUL ERIC ROPER,                                                          PLAINTIFF,

VS.                                                          CIVIL ACTION NO. 2:09CV094-P-A

CITY OF CLARKSDALE, MISSISSIPPI;
CLARKSDALE POLICE DEPARTMENT; and
WILLIAM GERALD, Individually and in His
Official Capacity as a Police Officer with the
Clarksdale Police Department,                                             DEFENDANTS.

FINAL JUDGMENT

This matter comes before the court upon the defendants' motion for summary judgment [47]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of

1

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

The court concludes that the plaintiff has not met his burden in demonstrating through substantial evidence the existence of a genuine issue of material fact warranting trial.

The plaintiff's 42 U.S.C. § 1983 claims – *i.e.*, violation of his Fourth, Fifth, Ninth, and Fourteenth Amendment rights – are barred by the U.S. Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). As stated by the Fifth Circuit in *Ballard v. Burton*:

> It is well settled that, under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a plaintiff who has been convicted of a crime cannot

recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

444 F.3d 391, 396 (5th Cir. 2006).

It is undisputed that the plaintiff pled guilty to commercial burglary and resisting arrest which arose from the very same incident giving rise to the instant lawsuit. The plaintiff has not demonstrated that either of these convictions were reversed or otherwise overturned as required by *Heck*. Accordingly, the plaintiff's federal claims should be dismissed on this basis alone.

In any event, the plaintiff's federal claims against the City of Clarksdale, William Gerald in his official capacity, and the Clarksdale Police Department (who is an improper party) should be dismissed because he has failed to identify a policy or policymaker and a violation of constitutional rights whose "moving force" was the policy or custom as required by *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Pitrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001).

Furthermore, even if the plaintiff's claims were not barred by *Heck*, the plaintiff's federal claims against William Gerald in his individual capacity should be dismissed because the plaintiff has failed to demonstrate that Gerald is not entitled qualified immunity. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)( "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."). Ultimately, a state actor is entitled to qualified immunity if his conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon*, 305 F.3d at 322-323. The plaintiff has failed to demonstrate that all reasonable police officers under the

circumstances would have agreed that the alleged force was objectively unreasonable. *Thompson v. Upshur County, Tx,* 245 F.3d 447, 457 (5th Cir. 2001) ("The [officer's] acts are held to be objectively reasonable unless *all* reasonable officials in the [officer's] circumstances would have then known that the [officer's] conduct violated" the plaintiff's constitutional rights) (emphasis in original); *White v Taylor*, 959 F.2d 539 (5th Cir. 1992) ("If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

The court now turns to the plaintiff's numerous state law claims. Since it is undisputed that the plaintiff was engaged in criminal conduct at all pertinent times, the defendants are correct that all of these claims are barred pursuant to Miss. Code Ann. §11-46-9(1)(c)("A government entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police ... protection unless the employee acted in reckless disregard of the safety and well-being of any person *not engaged in criminal activity* at the time of the injury.") (emphasis added).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendants' motion for summary judgment [47] is **GRANTED**; accordingly,

(2) All of the plaintiff's claims against all defendants are **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED** with all parties to bear their own costs.

**SO ORDERED** this the 23rd day of May, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE